UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
HENRY R. TORRES,

        Plaintiff,

  -against-

JUDGE RACHEL P. KOVNER,
JUDGE JOSEPH A. MARUTOLLO,
JUDGE NANCY CARRINGTON,

        Defendants.[1]
------------------------------------------------------------X

**MEMORANDUM AND ORDER**

25-CV-1113 (NRM) (PK)

NINA R. MORRISON, United States District Judge:

Plaintiff Henry Torres, appearing *pro se*, filed this action on February 25, 2025. Compl., ECF No. 1. The Court grants plaintiff's application to proceed *in forma pauperis,* ECF No. 2, however, the Complaint is dismissed as set forth below.

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010). But the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678.

---

[1] Plaintiff lists numerous additional Defendants, but fails to provide any plausible facts against them. *See* ECF No. 1 at 2.

1

In addition, a *pro se* complaint is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

When a litigant files a lawsuit *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action: (i) "is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief," *see* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

## DISCUSSION

An action "is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("A court may dismiss a claim as factually frivolous if the sufficiently well-pleaded facts are clearly baseless . . . .") (internal quotation marks omitted); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.").

On February 3, 2025, Plaintiff filed a complaint against Judge Carrington and others alleging a wide-ranging conspiracy connected to the alleged murder of his friend

Cesar Augusto Alfonso and various other events. *See Torres v. Carrington*, No. 25-cv-682 (RPK) (E.D.N.Y.), ECF No. 1 at 6, Exhibits, ECF No. 1-2 at 59-62. On February 11, 2025, the Honorable Rachel P. Kovner, United States District Judge, directed Plaintiff to show cause why the complaint should not be dismissed as frivolous. *Id.*, Docket Entry dated Feb. 11, 2025. Plaintiff submitted documents in response. *Id.*, ECF Nos. 5, 6. On February 19, 2025, Judge Kovner dismissed the complaint as frivolous. *Id.*, Docket Entry dated Feb. 19, 2025. The Clerk of Court entered judgment on February 20, 2025. *Id.*, ECF No. 7.

Plaintiff, apparently dissatisfied with the disposition of his prior action, now sues Judge Kovner. Plaintiff also sues Joseph A. Marutollo, United States District Judge, although Judge Marutollo took no action in this case, and Judge Nancy Carrington, the subject of his prior action. Even under a liberal reading, Plaintiff's allegations against these Judges are frivolous. *See generally*, Compl., ECF No. 1. Specifically, Plaintiff alleges that "white supremacists terrorist group that have pyramid of fraud and they have discriminated against me." *Id.* at 4. He further alleges that "Judge Kovner discriminated against me by disregarding evidence and my civil complaint." *Id.* at 5. Since filing the original Complaint in this case, Plaintiff has filed approximately nine additional letters with this Court which range from adding new defendants to his suit, the submission of "evidence," and notice that an action has been filed in the Southern District of New York against the Eastern District of New York. *See* ECF Nos. 4–12. It is clear that Plaintiff's Complaint, attached statements and exhibits, and additional filings, are "clearly baseless" and not based in any meritorious "legal theory,"

3

*Livingston*, 141 F.3d at 437, and do not suggest that the Defendants are "liable for the misconduct alleged," *Ashcroft*, 556 U.S. at 678.

Moreover, Judges Rachel P. Kovner, Joseph A. Marutollo and Nancy Carrington enjoy absolute immunity from suit for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages."). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," *id.* at 11, nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority," *id.* at 13 (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)); *see also Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions.").

## CONCLUSION

Accordingly, the Complaint, filed *in forma pauperis*, is dismissed in its entirety as frivolous. 28 U.S.C. § 1915(e)(2)(B). Although district courts typically allow *pro se* plaintiffs an opportunity to amend their complaints, the Court denies leave to amend because the nature of the defects in Plaintiff's complaint are substantive and cannot be cured by repleading. *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (leave to amend a complaint "may properly be denied if the amendment would be futile.") (internal quotation marks omitted).

As this is Plaintiff's second action alleging similar claims, the Court cautions him against filing further duplicative and vexatious complaints. "The district courts have the power and the obligation to protect the public and the efficient administration of

4

justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). If Plaintiff files additional duplicative litigation, the Court may impose an injunction prohibiting Plaintiff from filing any new action seeking *in forma pauperis* status without leave of the Court. *See, e.g., Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing … duplicative lawsuits, courts may impose sanctions, including restriction on future access to the judicial system.").

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

       /s/ *Nina R. Morrison*
      NINA R. MORRISON
      United States District Judge

Dated: April 8, 2025
      Brooklyn, New York